RAWLINSON, Circuit Judge, .
concurring in the result:
I agree that this case should be remanded for application of the correct standard to the determination of whether the petitioner has made a sufficient showing of extraordinary circumstances to excuse the untimely filing of his asylum application. However, I expressly disavow the majority’s holding that the seven-month lapse between the expiration of Singh’s visa extension and the filing of his asylum application is “of little significance.... ” Majority Opinion, p. 1056 n.13. Indeed, the governing regulation is to the contrary. See 65 Fed. Reg. 76121-01 at 76124 (“Clearly, waiting six months or longer after expiration ... of status would not be considered reasonable ... ”) (emphasis added). The majority’s reliance on' Wakkary v. Holder, 558 F.3d 1049, 1055, 1058 (9th Cir.2009), see Majority Opinion, p. 1056 n.13, is unavailing. In that case, we expressly noted that “Wakkary submitted his asylum application ... six months and some days after his status expired ...” Wakkary, 558 F.3d at 1057 (emphasis added). By analogy, Singh submitted his application seven months after his status expired. A determination of unreasonableness in that circumstance is consistent with our precedent. See Husyev v. Mukasey, 528 F.3d 1172, 1182 (9th Cir.2008) (establishing six months as a presumptive deadline).
In sum, I agree that this case should be remanded to the agency for application of the correct standard to the determination of whether extraordinary circumstances exist. For that reason only, I concur in the result.